Our next case today is 524-0614, People v. Davidson. It's Ms. Lassie, correct? Correct. Go right ahead. May it please the court, counsel. My name is Jennifer Lassie and I represent the defendant appellate, Mr. Lance Davidson. Because the state has conceded the second issue that the case must be remanded for a Mr. Davidson was forced to represent himself during the critical stage of the proceedings without a knowing, voluntary, or intelligent waiver of the right to counsel. Mr. Davidson's counsel was removed at the February 6, 2024 hearing, even though he did not make a clear or unambiguous waiver of his right to counsel at that hearing. Criminal defendants have a right to counsel at all critical stages, and that right cannot be taken away unless a person clearly and unequivocally waives that right. And the right to counsel is so highly regarded that courts are required to indulge in every reasonable presumption against the waiver of the right to counsel. While Mr. Davidson's January 2024 filings indicated he wanted to represent himself at the hearing the next month on February 6, he never confirmed he wanted to waive his right to counsel. Instead, he indicated he wanted trial counsel to adopt his pro se motions. The state recognizes as much in its brief, noting that the court, the state, and defense counsel all shared an agenda of confusion as to whether he wanted to dismiss counsel. And the record makes that clear. The state also notes that Mr. Davidson waffled back and forth as to whether he wanted to waive counsel at that February 6 hearing. I don't mean to stop you, but please don't take this the wrong way. I can't consider anything but clear from the record as to what the defendant was doing. He was, I mean, essentially, he's all over the place during all these proceedings. I mean, is that a fair statement? I agree, Your Honor. I agree. It seems that he initially thought he might want to represent himself, but then when the court asked him, it was that he wanted counsel to adopt the things he had filed, and he didn't want to represent himself. And all of this could have been clarified with some questioning by the trial court. If the trial court had admonished him at that time, pursuant to Rule 401A, as the court is required to do, and if the court had simply asked him to clarify yes or no, are you wishing to waive counsel, the record would be clear. And when we look at the record for the transcript for the February 6 hearing, it is after counsel clarifies, Mr. Davidson is not happy with anything I do. It's at that point that the court makes Mr. Davidson go pro se. So the court did not follow up with Mr. Davidson, and Mr. Davidson indicated he wasn't sure whether he wanted to represent himself or if he just wanted counsel to argue his motions, and then counsel interjected and said, I'm not sure what the back and forth here is. He's not happy with anything I do. And at that point, the court didn't ask a follow-up question of Mr. Davidson. Mr. Davidson just began to represent himself, agreeing to hearing dates and filing motions in which motions would be heard from that point forward. And he represented himself throughout the remainder of the proceedings. Further evidence that he didn't want to waive counsel can be found in his February 12th affidavit, where he explained he thought his appointed counsel was required to file a notice of appeal, that he thought it was counsel's duty to file post-trial motions, and that pro se motions were disfavored. All of this in the February 12th filing indicates he thought he still had counsel. And his February 12th filing also talks about how he had written to counsel and counsel hadn't responded. And one wouldn't expect an attorney to consult with him if he weren't represented by that attorney. So this demonstrates the general confusion that Mr. Davidson was under. At the March 7th hearing, the next month, Mr. Davidson was asked if he was ready to proceed, and he said, I haven't heard anything back from counsel. And again, one wouldn't expect to hear from an attorney that didn't represent him. The state argues in its brief that counsel was not fully dismissed and acted in an advisory or standby capacity. However, this is directly contradicted by the record. The docket sheet entry for the May 6th hearing clearly notes that attorney Pogenpol had not been reappointed. The docket sheet entry states, defendant appears pro se from DOC remotely. Attorney Pogenpol appears on the Zoom call but has not been reappointed as defendant has elected to represent himself. And then it continues. So the record demonstrates that Mr. Davidson did not make a clear and unambiguous waiver of his right to counsel. And even if the court did provide the information contained in Rule 401A at previous points during the proceedings, it didn't provide it at the time of this waiver. And that's just part of the question here as to whether Mr. Davidson knowingly and voluntarily waived his right to counsel. Even if he got that information at a different time, the Supreme Court in People v. Ratliff has made clear it's supposed to come at the time of the waiver of the right to counsel. And even then, substantial compliance with Rule 401A is only permissible if the waiver is voluntary. And when we look at this record, we don't have a voluntary waiver. Mr. Davidson's request to waive counsel was not a clear and unambiguous unequivocal request. Because of this, we would respectfully ask that this court reverse the denial of the post-sentencing motions and remand for further proceedings at the post-sentencing stage and also for the Krinkle inquiry as discussed in Argument 2. And unless your honors have any questions? Ms. Shelly? No questions. Ms. Moore? No questions. And obviously, you'll have your time to revoke. Thank you. Thank you. Mayor, Pleasant Court, Counsel, Adam Thorek on behalf of the people of the state of Illinois. As the heart of this issue stems from the February 6 post-sentencing hearing, the courts of opposing defendant's argument on appeal concerns the Rule 401A admonishments. Defendant claims that they weren't given. However, in their opening brief, they don't address the forfeiture that has occurred in this case. The issue is not raised within a post-sentencing motion, and it has been forfeited. It has been forfeited plain error. As stated, the defendant doesn't raise plain error in their opening brief. And in the state's response brief, they argue that this has been forfeited, and including plain error has been forfeited for not raising it in the opening brief. In their reply brief, for the first time, defendant argues that the issues are reviewable under the second prong plain error. However, second prong plain error does not apply to Rule 401A admonishments pursuant to People v. Ratcliffe, an Illinois Supreme Court case, which is cited within the defendant's opening brief. In Ratcliffe, the Supreme Court in 2024 concluded that because Rule 401A is a violation is not akin to structural error, such a violation, if not raised in a post plea or post-trial motion, is not cognizable as second prong plain error. So that doctrine does not even apply in this case to the defendant's argument in the reply brief that this is second prong plain error. In Ratcliffe, the Illinois Supreme Court stated that the issue can be reviewed under first prong plain error, but the defendant in the reply brief doesn't even argue first prong plain error. So that argument is completely forfeited, and it's not properly before this Court. However, even if, assuming arguendo, that second prong plain error applied, we must first determine if error did apply. And I'd like to briefly provide a history of the facts of this case and where we got to the February 6, 2024 hearing. The defendant was first convicted in January of 2023 of tampering with a security file or life safety system in jail. So he was already in jail awaiting prosecution for the incident offense. He was also awaiting prosecution on two other offenses. During his first trial, jury trial, which resulted in a mistrial, he was represented by counsel. But before that, he asked to proceed pro se, but got reappointed counsel again. At his secondary trial, the day before commencement of that trial, he filed a pro se motion requesting to proceed pro se. So at his secondary trial, he represented himself. So he obviously knew the nature of the offense. He had previously been admonished of the maximum and minimum penalties, and he obviously knew that he had the right to represent himself as previously in his first jury trial, he was represented by counsel. And given the defendant's lengthy criminal history, he was well aware if he could not afford one, one would be appointed. And even if it was error not to provide the rule 401A admonishments at the February 6, 2024 hearing, the life of this case revealed that he was given the rule 401A admonishments through the proceeding of two jury trials. Moreover, by the time the February 6 hearing came, he had already been sentenced. So the issue of not giving him an admonishment regarding the maximum or minimum penalties, there's no prejudice here as the defendant was well aware of the sentencing ranges as he had just been sentenced previously. And I'd like to quickly summarize or quickly note that the defendant vacillated throughout the course of this case between proceeding per se, being represented by counsel, proceeding per se, represented by counsel. So there was a pattern, a repeated pattern by the time the February 6 hearing occurred of the defendant requesting to proceed per se and not wanting to go to the attorney. For example, on January 18th, the first pre-trial, he was allowed to proceed per se. On May 22nd, 2023, the day before a second trial, he was allowed to proceed per se. On October 3rd, 2023, during the sentencing phase of the instant offense, he was allowed to proceed per se before he was appointed Attorney West to represent himself. So that is the pattern for which the February 6 hearing, that is the history leading up to the February 6 hearing. Approximately two weeks before that hearing, on January 23rd, 2024, defendant files a motion titled objection, saying that he wants to represent himself. That is the motion filed right before the February 6 hearing where the defendant is stating again, I want to proceed per se. There was no ambiguity. This is what he wanted by the time the February 6 hearing occurred. At that hearing, the trial court, rightfully so, asked the defendant whether he intended to represent himself. His response was very clear. If my attorney is not going to file the motion, I will do it myself to preserve this issue. Thereafter, the trial court asked Attorney West, are you going to file these pro se, pro sentencing motions? This was after sentencing, and the attorney said, I am not. The trial court was given his answer. There was an implicit functional invocation of self-representation. Given his prior pro se conduct and written filings asserting the same position just two weeks earlier, the court reasonably understood this as a continuation of his choice to proceed pro se, given the objection he filed two weeks prior, and given the repeated pattern of the wanting to go pro se. There was an implied pattern, and the trial court knew this when he granted the defendant's motion, objection motion, to proceed pro se. That is the state's argument that there was no error, even assuming this court can review it under second prompt plain error, which this court cannot under people read radically. Now, the defendant argues on appeal that on February 12th, even if he was allowed to go pro se, and rightfully so, the defendant argues on February 12th, he asked for an attorney going forward on these post-sentencing motions. The people disagree. The affidavit filed on February 12th states that the defendant alleges that he wants attorney assistance to argue the ineffectiveness assistance of attorney Catherine, who represented the defendant during his first trial, and attorney West, the attorney who represented him during the sentencing phase. So the request for assistance concerned a crankle incurred, which, as this court knows, when you first inquire about ineffective assistance of counsel, an attorney is not guaranteed at that stage. It's after a hearing that a trial court determines whether to appoint an attorney to flesh out these claims of ineffective assistance of counsel. So the February 12th affidavit that the defendant emphasizes in their brief alleges to crankle counsel, and it's not the defendant's request to proceed with another attorney at that juncture. So based on the arguments presented within its brief, the people of the state of Illinois respectfully request that this court affirm defendant's convictions. Any questions? All right. Thank you, sir. Thank you. First, I would like to address the issue of plain error. The law is well settled that plain error can be raised for the first time in a reply brief. The law is very clear on that point, and that's because the state can forfeit the ability to argue forfeiture occurred. So it's well settled it can be raised in the reply, which we have done on pages 9 to 10, and the state is absolutely correct that the violation of Rule 401A is no longer considered second-pronged structural error. However, that's not the argument that was raised here. The argument that was raised here was that Mr. Davidson was denied his constitutional right to counsel at a critical stage, and that is still, well, that is still clearly second-pronged plain error. So there is a distinction. In People v. Ratliff, they merely argued a Supreme Court rule was violated. The trial court in Ratliff didn't comply with Rule 401A. They did not raise any sort of constitutional argument in Ratliff. And that's the distinction here. And that's discussed in depth in pages 9 through 10 of the reply brief, and I believe the distinction in Ratliff is also discussed in the opening brief, although I don't have the pages in front of me. The state focuses largely on the fact that the information contained in Rule 401A was communicated to Mr. Davidson at previous times during the proceedings, and that's correct. However, Ratliff recently made clear that that's still not substantial compliance. It has to be done at the time the waiver occurs. And again, whether he was given that information or not is just part of the argument here. The other part is whether he voluntarily waived his right to counsel, which means he was required to make that clear and unequivocal waiver of the right to counsel. And that didn't happen at the February 6th hearing. So even if this Court finds that he was given the information in the 401 admonishments at different times, that doesn't remediate the error that he was forced to proceed pro se without making a clear waiver and request to do so. Next, the state challenges that he requested counsel in his February 12th filing. However, when you look at the language of the February 12th filing, he clearly asked for assistance of counsel to help him argue his issues, which are, in effect, assistance. When we look at this record as a whole, it shows, yes, Mr. Davidson did vacillate between representing himself and having counsel at various points. However, the focus here is on the February 6th hearing, and he didn't make a clear and unequivocal waiver of counsel at that hearing. Instead, the Court removed counsel once counsel clarified Mr. Davidson wasn't happy with anything that counsel had done. And that's not what the law requires. And we're required to indulge every reasonable presumption against the waiver of counsel. Did Your Honors have any questions? I guess it's a show of force. Just a small question. We would respectfully ask that you reverse and remand for further post-sentencing proceedings and for the critical inquiry as well. Thank you. Counsel, we will take the matter under advisement, obviously issue an order in due course.